**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
                                    :
UNITED STATES OF AMERICA,           :  CIVIL ACTION NO. 04-3958 (MLC)
                                    :
      Plaintiff,                    :  MEMORANDUM OPINION
                                    :
      v.                            :
                                    :
VINCENT GUERRIERO, et al.,          :
                                    :
      Defendants.                   :
                                    :
```

**COOPER, District Judge**

The plaintiff, United States of America ("United States"), moves for summary judgment, pursuant to Federal Rule of Civil Procedure ("Rule") 56(c). The defendants have not opposed the motion. The Court, for the reasons stated herein, will grant the motion.

## BACKGROUND

The United States brought an action on August 18, 2004, against the defendants, Vincent Guerriero and Barbara Guerriero, to collect unpaid income taxes, statutory additions, and penalties. (Compl., at 1-2.) In 1993, 1994, 1998, 1999, and 2003, Vincent and Barbara filed joint tax returns. The following tax assessments were made by a delegate of the Secretary of the Treasury of the United States as to Vincent and Barbara Guerriero's tax liablity:[1]

---

[1] Individuals filing a joint return are jointly and severally liable for the total tax owed. 26 U.S.C. § 6013(d)(3).

| Tax year | Initial Assessment | Unpaid balance as of 11-15-05[2] |
|---|---|---|
| 1993 | $ 6,373.26 | $13,004.27 |
| 1994 | $ 6,359.24 | $13,675.57 |
| 1998 | $13,600.69 | $20,770.72 |
| 1999 | $14,683.00 | $21,250.63 |
| 2003 | $20,647.96 | $10,194.69 |
| | | Total assessed $78,895.88 |

(Am. Compl., at 2-4; Pl. Stmt. of Material Facts, at 1-3; Pl. Br., at 2.)

In 1995, 1997,[3] 2001, and 2002, the following assessments were made against Vincent Guerriero individually.

| Tax year | Initial Assessment | Unpaid balance as of 11-15-05 |
|---|---|---|
| 1995 | $ 2,343.42 | $ 4,040.71 |

---

[2] The unpaid balance figures are provided in the brief of the United States in support of the motion. The figures include taxes, penalties, and accrued interest as of November 15, 2005. The figures listed in the initial complaint only include taxes, penalties, and accrued interest as of August 1, 2004.

[3] The income tax transcript for 1997 provided by the United States indicates that (1) the taxpayer is "Vincent Guerriero," not Vincent and Barbara Guerriero as indicated on the transcripts for the years in which the defendants filed jointly, and (2) Vincent's filing status was "married filing separately." (Pl. Ex. 4.) The Statement of Facts of the United States, and Declaration of Ronald M. Settimo, however, indicate that the assessment in 1997 was against both Vincent and Barbara Guerriero. (Pl. Stmt. of Facts, at ¶ 4; Settimo Decl., at ¶ 3(d).) The Court will consider the tax liability for 1997 to be attributed to Vincent Guerriero only because the IRS transcript detailing the 1997 assessment lists Vincent Guerriero alone. Nothing has been provided to the Court to verify Barbara Guerriero's liability for that year.

| | | |
|---|---|---|
| 1997 | $38,603.59 | $51,141.56 |
| 2001 | $25,923.60 | $24,400.28 |
| 2002 | $36,548.46 | $39,995.84 |
| | | Total assessed $119,578.39 |

(Id.)

## DISCUSSION

### I.  Standard for Summary Judgment

Rule 56(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has met this prima facie burden, the non-movant "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A non-movant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The Court must view the evidence in the light most favorable to the non-movant when deciding a summary judgment motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

3

587 (1986).  At the summary judgment stage, the Court's role is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at 249.  Under this standard, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient [to defeat a Rule 56(c) motion]; there must be evidence on which the jury could reasonably find for the [non-movant]."  Id. at 252.  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Id. at 247-48 (emphasis in original).  A fact is material only if it might affect the action's outcome under governing law.  Id. at 248.  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Id. at 249-50 (internal citations omitted).

   If the non-movant fails to oppose the motion, Rule 56(e) provides that the Court may only grant the motion for summary judgment "if appropriate."  See, e.g., Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990); see also Damino v. Sony Music Entm't, 975 F.Supp. 623, 627 (D.N.J. 1996)

(granting summary judgment because plaintiff's argument was unopposed, and thus no genuine issue of material fact was created). The motion is appropriately granted when that party is entitled to judgment as a matter of law. Anchorage Assocs., 922 F.2d at 175.

When, as here, "the non-moving party fails to oppose the motion for summary judgment by written objection, memorandum, affidavits and other evidence, the Court will accept as true all material facts set forth by the moving party with appropriate record support." Carp v. Internal Revenue Serv., No. 00-5992, 2002 WL 373448, at *2 (D.N.J. Jan. 28, 2002) (citations and quotations omitted). Even if a record contains facts that might provide support for a non-movant's position, "the burden is on the [non-movant], not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment." Morris v. Orman, No. 87-5149, 1989 WL 17549, at *8 (E.D. Pa. Mar. 1, 1989); see also Atkinson v. City of Phila., No. 99-1541, 2000 WL 793193, at *5 n.8 (E.D. Pa. June 20, 2000).

II. **Analysis**

The United States argues that summary judgment is appropriate because assessments made by the Commissioner of the Internal Revenue Service ("IRS") are presumptively correct, and the defendants are liable to pay such assessments as a matter of

law.  (Pl. Br., at 4.)  An assessment is a determination by the IRS that a taxpayer owes the federal government a certain amount of unpaid taxes.  U.S. v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002).  "It is well established in the tax law that an assessment is entitled to a legal presumption of correctness."  Id.  Once a tax is assessed, a rebuttable presumption arises.  Psaty v. U.S., 442 F.2d 1154, 1159 (3d Cir. 1971).  Assessments are presumed to be valid and establish a prima facie case of liability against the taxpayer.  U.S. v. Green, 201 F.3d 251, 253 (3d Cir. 2000); see also U.S. Jamas Day Care Ctr. Corp., 152 Fed. Appx. 171, 173 (3d Cir. 2005) (citing Green).  The party opposing the assessment has the burden of proving the assessment to be wrong.  Welch v. Helvering, 290 U.S. 111, 115 (1933) (also noting the Commissioner's determination "has the support of a presumption of correctness").

   The tax assessments made against the defendants here are presumed to be valid.  The United States has submitted the declaration of Ronald M. Settimo, a Technical Services Advisor for the IRS, to attest to the assessments listed supra.  (Settimo Decl.)  Accompanying his declaration are copies of the "literal transcripts" itemizing the tax assessments for the various years.  (Settimo Decl., Exs. 1-9.)  Thus, the United States has met its burden of demonstrating prima facie entitlement to summary judgment in its favor.

The burden is on the defendants to prove the assessments to be wrong. The defendants, however, have submitted no objections, memoranda, affidavits, or other documents in opposition to the motion for summary judgment.[4] The defendants' answer merely denies all the assertions in the complaint, and asserts no affirmative defenses. (Answer, dkt. entry no. 9.) They have thus failed, by definition, to bring to the Court's attention any evidence that could conceivably create any genuine issue of material fact as to the validity of the tax assessments. The Court thus holds that awarding summary judgment on the motion in the present case is "appropriate." Anchorage Assocs., 922 F.2d 168 at 175.

---

[4] The return date on the motion, as set by the Clerk, was December 5, 2005. However, in an order dated October 11, 2005 ("October Order"), the Magistrate Judge directed the United States to file a motion for summary judgment that would be returnable on December 19, 2005. (Dkt. entry no. 14.) Therefore, giving the defendants the benefit of the later date, pursuant to Local Civil Rule 7.1(d)(2), the defendants' opposition papers were due on or before December 5, 2005. The motion for summary judgment itself, was served on the defendants' counsel, and the October Order provided notice that summary judgment would be sought by the United States. Given the defendants' history, the failure to timely oppose will not be excused. Previously, the defendants have failed to respond to interrogatories, and have been sanctioned for failure to comply with a court order. (10-11-05 Order.) Defendants' counsel failed to participate in a scheduled conference call, and did not seek excuse for his absence. (Id.)

## **CONCLUSION**

The Court, for the reasons stated <u>supra</u>, will grant the motion and enter judgment in favor of the United States. The Court will issue an appropriate order and judgment.

                                              s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge